IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALYSSA SANDERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:22-CV-314-RP |
| | § | |
| CITY OF AUSTIN, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Alyssa Sanders's motion for leave to amend her complaint. Dkt. 8. Defendant City of Austin filed a response to Sanders's motion. Dkt. 9. Having considered the parties' briefs, the record, and the relevant law, the Court will grant Sanders's motion to amend.

Sanders seeks to amend her complaint under Rule 15(a)(1)(B) to "name Austin Police Department Officer Eric Heim as a defendant and provide additional facts." Dkt. 8, at 1; Fed. R. Civ. P. 15(a)(1)(B). Rule 15(a)(1)(B) allows a party to file a first amended pleading within "21 days after service of a responsive pleading or 21 days after service of a motion under 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Further, "under Rule 15(a), leave to amend shall be freely given when justice so requires, and should be granted absent some justification for refusal." *Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir 2003) (internal citations removed).

Here, Sanders contends that she should be allowed to amend her complaint "as a matter of course" because her motion to amend was filed "less than twenty-one days after the City's responsive pleading." Dkt. 8, at 2. The Court agrees. Indeed, in its response, the City of Austin conceded that it "does not have a basis under [the federal] Rules to oppose Plaintiff's proposed amendment to the complaint." Dkt. 9, at 2. Given Rule 15's "bias in favor of granting leave to amend," the Court will grant Sander's motion to amend. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (Rule 15(a) "evinces a bias in favor of granting leave to amend." (internal citations omitted)). Further, Sanders's amended complaint shall be deemed to have been filed on May 31, 2022, the date her motion was filed, to avoid the potential expiration of her claims against the Officer Heim under the relevant statute of limitations. *Trench Tech Int'l, Inc. v. Tech Con Trenching*, Inc., No. 4:19-CV-00201-O, 2021 WL 4807666, at *6 (N.D. Tex. Apr. 2, 2021) (amended complaint deemed filed as of date of motion to amend).

Accordingly, **IT IS ORDERED** that Sanders's motion for leave to amend her complaint, Dkt. 8, is **GRANTED**. The Clerk of Court shall file the amended complaint attached to Sander's motion, Dkt. 8-1, which will be deemed filed as of May 31, 2022.

**SIGNED** on June 15, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE