## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ALYSSA SANDERS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | No.  **1:22-CV-00314-RP** |
| | § | |
| **CITY OF AUSTIN, ERIC HEIM,** | § | |
| *Defendants* | § | |

## ORDER

Before the Court is Defendant Eric Heim's Opposed Motion to Stay Discovery, Dkt. 26. The District Court referred the motion to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After considering the motion and all related filings, the Court now grants the motion.

## I.      BACKGROUND

This case arises out of the Austin Police Department's response to protests that happened in downtown Austin in May 2020. Dkt. 12. The plaintiff in this case, Alyssa Sanders, alleges that APD Officer Heim shot her with a "beanbag round," also referred to as a "less lethal" round, during the protest. *Id.*, at 3-4. Citing this conduct, Sanders asserts Fourteenth Amendment excessive-force, First Amendment retaliation, and punitive damages claims against Officer Heim, all pursuant to 42 U.S.C. § 1983. *Id.*, at 11-13. In connection with law enforcement's response to this same protest, the Travis County District Attorney indicted Officer Heim, along with

1

numerous other area law-enforcement officers who were on the scene. Dkt. 26-1. Officer Heim's indictment in particular charges him with two counts of Aggravated Assault By Public Servant, specifically citing his alleged firing of a firearm at Sanders. Dkt. 27-1.

## II.    LEGAL STANDARDS

"The Court has broad discretion to stay proceedings in the interest of justice and in order to control its docket." *Raymond v. J.P. Morgan Chase Bank*, No. SA-20-CA-161-OLG, 2020 WL 10731935, at *1 (W.D. Tex. Sept. 24, 2020). "Proper use of this authority calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (internal quotation marks omitted). "When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008); *see also United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) ("Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding."). Such a stay contemplates "special circumstances" and the need to avoid "substantial and irreparable prejudice." *Little Al*, 712 F.2d at 136.

When deciding whether "special circumstances" warrant a stay, courts in the Fifth Circuit have found the following factors relevant: (1) the extent to which the issues in the criminal and civil cases overlap, (2) the status of the criminal case, (3) the private interests of the plaintiffs in proceeding expeditiously, (4) the burden on the defendants, (5) the interest of the courts, and (6) the public interest. *Olson ex*

*rel. H.J. v. City of Burnet*, No. A-20-CV-00162-JRN, 2020 WL 9076545, at *1 (W.D. Tex. July 17, 2020) (citing *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 397-98 (S.D. Tex. 2009)). Courts have found special circumstances where a defendant attempts to preserve his Fifth Amendment right against self-incrimination and resolve "the conflict he would face between asserting this right and defending the civil action." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016) (quoting *Alcala*, 625 F. Supp. 2d at 397); *see also, e.g., In re Grand Jury Subpoena*, 866 F.3d 231, 234 (5th Cir. 2017) (observing that "less restrictive civil discovery could undermine an ongoing criminal investigation and subsequent criminal case").

### III.    DISCUSSION

#### A.    Overlap Between the Criminal and Civil Cases

"The extent to which issues in the criminal case overlap with those presented in the civil case generally is regarded as the most important factor in the analysis." *DeSilva v. Taylor*, No. 1:21-CV-00129-RP, 2022 WL 545063, at *3 (W.D. Tex. Feb. 23, 2022) (internal quotation marks omitted). "Where there is significant overlap, self-incrimination is more likely and thus weighs in favor of a stay." *Bean*, 220 F. Supp. 3d at 776. The facts that form the basis of the indictment pending against Officer Heim are the same facts that form the basis for Sanders's claims against him. *Compare* Dkt. 12, at 4-5, *with* Dkt. 27-1. Sanders argues that this fact should not matter because of evidence that has already been produced, the availability of Fifth Amendment protection, Officer Heim's sealed statements during an internal investigation, and Sanders's portrayal of what remains to be proved in this case. Dkt.

30, at 9-13. Sanders's suggested application of this factor runs contrary to the policy underlying it—the point of a stay is to preserve the full extent of the Fifth Amendment's protection against self-incrimination and avoid forcing a defendant to choose between that privilege and civil liability. The question is simple: do the facts overlap? Here, they undeniably do. This factor, the "most important," weighs in favor of granting a stay. *See, e.g.*, *DeSilva*, 2022 WL 545063, at *3 ("Because there is significant overlap between the issue presented in this case and Defendants' criminal proceedings, there is a significant danger of self-incrimination. The first and most important factor weighs strongly in favor of staying the case.").

## B. Status of the Criminal Case

"The 'strongest case' for a stay exists where a party is indicted for a serious offense and must defend a civil action involving the same matter." *Alcala*, 625 F. Supp. 2d at 401. Officer Heim has been indicted. Dkt. 27-1. Sanders distinguishes these cases by arguing that this case, unlike those, has been consolidated with multiple other cases for discovery, and granting a stay here would prejudice the plaintiffs in those other cases. Dkt. 30, at 13-14. This argument, however, has no bearing on how courts weigh this factor:

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

*Librado v. M.S. Carriers, Inc.*, No. 3:02-CV-2095D, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002). Now that Officer Heim has been indicted, he is at risk of

potentially making incriminating statements in his civil case. *See DeSilva*, 2022 WL 545063, at *3 (reaching the same conclusion). This factor weighs in favor of a stay.

### C.  Plaintiff's Interests

To be sure, Sanders does have an interest in having her claim against Officer Heim prosecuted expeditiously. But when evaluating this factor, "courts may require a plaintiff to establish more prejudice than simply a delay in its right to expeditiously pursue his claim." *Id.* Invoking the specter of a Covid-19-induced backlog of criminal cases, Sanders complains that granting a stay may delay the trial in this case by up to five years, and with that delay, the attendant loss of witnesses' memory, not to mention the possible migration of Sanders's friends. Dkt. 30, at 14-16. But, as in *DeSilva*, Sanders "identifies no discovery that is available now but would be unavailable later should a stay be granted" and "has not alleged that any witnesses will be unable to testify nor that any particular evidence will degrade if a stay is granted." *DeSilva*, 2022 WL 545063, at *3. Sanders's conclusory statements to the contrary fail to tip this factor in her favor.

### D.  Burden on Defendant

Absent a stay, Officer Heim will face "a conflict between asserting his Fifth Amendment rights and fulfilling his legal obligations as a witness" and defendant in this civil case. *DeSilva*, 2022 WL 545063, at *4. "This conflict may be largely, if not completely, eliminated by granting a stay." *Librado*, 2002 WL 31495988, at *3. "Defendants have an interest in staying the civil trial to avoid exposing their criminal defense strategies to the prosecution." *DeSilva*, 2022 WL 545063, at *4 (citing *Alcala*,

625 F. Supp. 2d at 397). In addition to Sanders's futility and waiver arguments, which the undersigned has already rejected, *supra* Part. II.A, Sanders also responds that because Officer Heim has denied any wrongdoing, this factor should not weigh in his favor, citing the reasoning in *Alcala*. Dkt. 30, at 17 (citing *Alcala*, 625 F. Supp. 2d at 403). But in that case, the court found "little reason to believe that [the defendant] would selectively invoke her Fifth Amendment privilege against self-incrimination as to any questions whatsoever" largely because "there [was] no significant overlap between the civil and criminal cases." *Alcala*, 625 F. Supp. 2d at 403. This case is very different: as discussed above, substantial overlap exists between the facts of the civil and criminal cases. This factor weighs in favor of a stay.

## E.     Interest of the Courts

Sanders correctly argues that the Court has an interest in moving its docket along. Dkt. 30, at 17-18. But, as the Court in *DeSilva* noted, "granting a stay 'serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy.'" 2022 WL 545063, at *4 (quoting *Jean v. City of Dallas*, No. 3:18-CV-2862-M, 2019 WL 4597580, at *5 (N.D. Tex. Sept. 22, 2019)). Moreover, "[r]esolution of the criminal case may increase prospects for settlement of the civil case and, '[d]ue to differences in the standards of proof between civil and criminal prosecutions, the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues.'" *Id.* (quoting *Jean*, 2019 WL 4597580, at *5). Officer Heim likewise points out that "[r]esolution of the criminal case consequently may also increase the likelihood of reaching a settlement that resolves

the civil lawsuit outright." Dkt. 26, at 11 (citing *SEC v. Offill*, No. 3:07-CV-1643-D, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008); *Alcala*, 625 F. Supp. 2d at 406). For all of these reasons, the Court concludes that this factor, too, weighs in favor of a stay.

### F.     The Public Interest

Finally, the Court considers the public's interest. "The public has an interest in the just and constitutional resolution of disputes with minimal delay." *Walker v. Wilburn*, No. 3:13-CV-4896-D, 2015 WL 5873392, at *9 (N.D. Tex. Oct. 5, 2015). "The sixth factor typically weighs against the grant of a stay only where, unlike here, a civil case is pending and no criminal investigation has begun." *DeSilva*, 2022 WL 545063, at *4 (citing *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *7 (W.D. Tex. Feb. 1, 2016)). Moreover, "[w]hile the public certainly has an interest in the prompt resolution of the instant civil case, it also has an interest in protecting the constitutional rights of criminal defendants." *Meyers,* 2016 WL 393552, at *7. Accordingly, the final factor also supports a stay.

### IV.     ORDER

For these reasons, the Court **GRANTS** Officer Heim's motion, Dkt. 26, and **ORDERS** that all discovery and further proceedings in the matter against Officer Heim are **STAYED** until further order of this Court. (This Order does not apply to proceedings or discovery involving Defendant City of Austin.)

**IT IS FURTHER ORDERED** that Officer Heim is to file a status report every three months, beginning February 1, 2023, notifying the Court of the status of his

criminal case. Officer Heim should also notify the Court as soon as practicable upon the final resolution of the criminal case.

**IT IS FURTHER ORDERED** this cause of action is removed from the docket of the undersigned and **RETURNED** to the docket of the Honorable Robert Pitman.

SIGNED November 15, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE